## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8300 | **DATE** | 2/7/2002 |
| **CASE TITLE** | Carroll vs. CTA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 6/6/2002 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant CTA's motion (Doc 4-1) to strike and deny its motion (Doc 4-2) to dismiss. Defendant is given to February 21, 2002 to answer the complaint. All discovery to be completed by June 6, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 0 8 2002 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 02 FEB -7 PM 3:32 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 0 8 2002

| | |
|---|---|
| RONALD CARROLL, | |
| Plaintiff, | |
| vs. | 01 C 8300 |
| CHICAGO TRANSIT AUTHORITY, | |
| Defendant. | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motions of Defendant Chicago Transit Authority ("CTA"). First, CTA moves to strike the complaint's allegations regarding denials of overtime that are time-barred by the applicable statute of limitations provided in Title VII and the Americans with Disabilities Act ("ADA"). CTA also moves to dismiss the complaint's ADA component under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the motion to strike is granted and the motion to dismiss is denied.

## BACKGROUND

The complaint alleges the following facts, which the court must accept as true for the purposes of these motions. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459,



461 (7th Cir. 1993). Plaintiff Ronald Carroll ("Carroll"), an African-American male, has been a CTA employee since May 5, 1976. During his entire length of employment the plaintiff has been a lineman and has performed his job adequately at all times. There is one other African-American in Carroll's group of ten linesmen.

In 1995 Carroll was diagnosed with carpal tunnel syndrome and has since had difficulty splicing lines. He is only able to splice lines for a short period of time before his hands "lock." The actual task of splicing lines constitutes approximately 5% of his time on the job. Other members of Carroll's group are able to splice lines while Carroll performs other tasks.

Each of the other members of Carroll's group receive substantial opportunities to earn overtime pay, as did Carroll until his diagnosis of carpal tunnel syndrome. From October 1997 through June 23, 2001 Carroll did not receive any overtime opportunities. One Caucasian member of Carroll's group has a serious back problem that prohibits him from doing any heavy lifting. Although other linesmen do the heavy lifting for him, he has been offered regular overtime. In addition, all of the other linesmen in Carroll's group receive substantial opportunities to earn overtime. Although Carroll regularly complained about not receiving any overtime between 1997 and June 23, 2001, he did not file complaints of racial and disability discrimination with the EEOC until July 23, 2001. CTA now moves to strike from the complaint any mention of events occurring

more than 300 days before Carroll filed his EEOC charge and to dismiss the portion of his complaint that alleges discrimination because of his disability.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to strike from a complaint matters that are "redundant, immaterial, impertinent, or scandalous." The party moving to strike has the burden of showing that the "challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." Vakharia v. Little Company of Mary Hospital and Health Care Centers, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of an action when a party has not stated a claim upon which relief can be granted. When considering a motion to dismiss, the issue is whether the plaintiff is entitled to offer evidence supporting the claims, not whether he will ultimately prevail. Triad Associates v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). The court must construe all the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be taken as true. Bontowski v. First Nat'l Bank of Chicago, 998 F.2d 459, 461 (7th Cir. 1993).

Although a complaint must include the operative facts upon which the plaintiff bases his claim, Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992), a complaint

should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief. Conley v. Gibson, 78 S.Ct. 99, 102 (1957). A case should not be dismissed if it is possible to hypothesize facts that would be consistent with the claim. Graehling v. City of Lombard, 58 F.3d 295, 297 (7th Cir. 1995). The court may consider documents and facts included in a plaintiff's response brief so long as they are consistent with the allegations in the complaint. Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1173 n.3 (7th Cir. 1999).

## DISCUSSION

CTA asks that this court strike the portions of the complaint referring to discriminatory action that is time-barred under the Title VII and the Americans with Disabilities Act ("ADA"). In Illinois, a plaintiff must bring a charge under Title VII or the ADA before the EEOC within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a); Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002). Failure to file within the 300-day time frame renders allegations of discrimination untimely. Koelsch v. Beltone Elecs. Corp., 46 F.3d 705, 707 (7th Cir. 1995). However, under the continuing violation doctrine a plaintiff may obtain relief for time-barred acts if they can be linked with an act within the allowable time period. Hall, 276 F.3d at 353; Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1991). A party may

rely on evidence outside the statute of limitations when he can show that there has been a pattern beginning outside the limitations period that continues into the limitations period and it would be unreasonable for the party to realize that the conduct is unlawful before the expiration of the limitations period. See Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999).

Carroll responds by arguing that the allegations occurring outside the 300-day time period are not time-barred because they are part of a continuing violation, and those allegations occurring prior to the 300-day period are relevant to the allegations that occurred within the period. However, he knew enough about his denial of overtime to complain as early as October 1997. He has given no indication that he needed accumulation of repeated events to realize a pattern in the actions he claims were taken against him. We therefore agree with CTA that the continuing violation doctrine does not apply to this case. Indirectly, Carroll also agrees with this conclusion by conceding that he cannot base any recovery on acts occurring before September 25, 2000. He argues, however, that the information should remain in the complaint because they show discriminatory intent behind later acts that are not time-barred. Evidence of discrimination does not lose its relevance in a Title VII case merely because it occurred earlier than 300 days before the filing of the EEOC complaint. See, e.g., Grant v. Murphy & Miller, Inc., 149 F. Supp. 2d 957, 967 (N.D. Ill. 2001) (stating that evidence

of conduct occurring outside of the 300-day period is still relevant and hence admissible to such issues as unlawful intent); Sweis v. Hyatt Corp., 2001 WL 619509, at *1 (N.D. Ill. 2001) (allowing evidence outside the 300-day period to show that plaintiff had complained about allegedly discriminatory behavior). However, the possibility that information may be relevant as evidentiary support at a later stage of the proceeding does not mean that it is properly included in a complaint. See Finnane v. Pentel of America, Ltd., 43 F. Supp. 2d 891, 898 (N.D. Ill. 1999); Conway v. Cook County, 1999 WL 14497, at *6 (N.D. Ill. 1999). The allegations that Carroll makes regarding events prior to September 25, 2000, cannot form the basis of a claim in this case, so they do not belong in his complaint, whatever their later significance may be. Accordingly, the motion to strike is granted.

In its motion to dismiss, CTA argues that Carroll has not adequately pled that he suffers from a disability as defined by the ADA. Carroll did plead that he suffered from a disability but did not plead that it was within the meaning of the ADA. The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(2)(A). Carroll's fatal flaw, according to CTA, is that it alleges no facts indicating that carpal tunnel syndrome affects one of Carroll's major life activities.

In support of its motion, CTA cites <u>Toyota Motor Manufacturing, Kentucky, Inc. v. Williams</u>, 122 S.Ct. 681 (2002). The Supreme Court recently determined in this case that whether a condition constitutes a disability involves a inquiry into the person's daily life, not just the impairment's effect in the workplace. <u>Id.</u> at 691. Additionally, the Court emphasized the notion that "manual tasks unique to any particular job are not necessarily important parts of most people's lives." <u>Id.</u>

Although <u>Toyota</u> may eventually preclude recovery by Carroll, it does not support a motion to dismiss. Carroll, unlike the complainant in <u>Toyota</u>, has not yet had the opportunity produce evidence of the effect of carpal tunnel syndrome on his major life activities. <u>Id.</u> at 694. Because Carroll may be able to prove some set of facts that allow him to show that carpal tunnel syndrome affects a major life activity, it does not appear beyond a doubt that Carroll can prove facts to support his claim. Notably, the Court in <u>Toyota</u> acknowledged the need for individualized assessments of impairments in which symptoms vary widely from person to person, as is the case with carpal tunnel syndrome. <u>Id.</u> at 692.

Finally, CTA cites a recent decision by this court for the proposition that Carroll must allege that he has a disability within the meaning of the ADA. <u>Royster v. McKesson HBOC, Inc.</u>, 2001 WL 1029389, at *2 (Sept. 6, 2001). However, our discussion in that case does not lead to the conclusion that Carroll's complaint is

deficient. To qualify as a disability within the ADA, a condition must satisfy the definition given in § 12102(2)(A). Carroll's complaint states that he has carpal tunnel syndrome. As discussed above, with a proper factual underpinning, that condition could substantially limit a major life activity of the afflicted individual. Construing Carroll's allegations in the light most favorable to him, as we must for a 12(b)(6) motion, we cannot conclude that he cannot, as a matter of law, be entitled to relief. Accordingly, the motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, we grant CTA's motion to strike and deny its motion to dismiss.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: February 7, 2002